Filing # 74466738 E-Filed 07/03/2018 04:10:17 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: 2018 CA 008472

CHARKATA ANDERSON, parent and
Guardian of ANTONIO YOUNG,

        Plaintiff,

v.

UMAREX USA, INC., an Arkansas
For Profit Corporation,

        Defendant.

_____/

## COMPLAINT & JURY DEMAND

### GENERAL ALLEGATIONS

1.     This is an action for personal injuries with damages in excess of $15,000.00, exclusive of interest and costs.

2.     At all times material hereto, Plaintiff, has resided in Palm Beach County, Florida and was the custodial parent and guardian of ANTONIO YOUNG who also resided in Palm Beach County, Florida.

3.     At all times material hereto, ANTONIO YOUNG (hereinafter "YOUNG"), was a user of a Umarex Ruger Air Magnum .177 Pellet Rifle (hereinafter "AIR RIFLE") that was designed, tested, manufactured, distributed, marketed, sold and leased by the Defendant, as more fully described below.

4.     At all times material hereto, Defendant, UMAREX USA, INC. (hereinafter "UMAREX"), was an Arkansas For Profit Corporation, with a business address of 315 NORTH 7TH, FORT SMITH, AR 72901, and a Florida Registered Agent, C T CORPORATION

EXHIBIT A

SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324, doing business in the State of Florida through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing, manufacture, distribution, marketing and sale of the subject AIR RIFLE, and is hereby sued under its common or assumed name as allowed by law.

5.      Antonio Young sustained a gunshot wound to the head by Defendant's AIR RIFLE on July 3, 2014.

6.      The AIR RIFLE was in safety mode at the time when YOUNG was shot. The safety of the gun malfunctioned, causing the pellet to project from the AIR RIFLE, and YOUNG to be shot in the head at close range.

7.      YOUNG has since undergone neurosurgery, a craniectomy, and a cranioplasty.  In addition, he was hospitalized for over 23 days, underwent months of rehabilitation, and is still being treated for injuries associated with the gunshot wound to his head.

8.      YOUNG's life has been tremendously changed as his appearance has been altered due to a physically deformed head, he is no longer able to participate in activities that he once loved, and he has suffered from depression and post-traumatic stress.

9.      Defendant was negligent in the aforementioned manufacturer of the AIR RIFLE in the design and/or manufacture of the AIR RIFLE that led to the significant, yet preventable injuries sustained by YOUNG.

10.     UMAREX and/or its employees, servants, agents and/or apparent agents, who manufactured the AIR RIFLE which shot YOUNG, deviated from the prevailing standard of care by manufacturing and distributing a gun with a faulty safety mechanism.

11.     At the  time  of the above-described occurrence, the· subject AIR RIFLE was in a dangerous and defective condition that had existed from the time of its design, manufacture,

and sale by UMAREX, up to the time said AIR RIFLE was sold.

12.    The dangerous and defective condition remained unchanged from the time of the design, manufacture and sale, to the time when YOUNG suffered bodily injury.

13.    Furthermore, at all times material hereto, including the dates the subject AIR RIFLE was manufactured and sold, UMAREX had knowledge of, or should have had knowledge of, all defects and dangerous conditions of the subject AIR RIFLE, as more fully described below; however, UMAREX failed to correct or attempt to correct said defects and dangers, and failed to warn the public of said defects and dangers, including YOUNG, who was unaware of any such defects and dangers associated with the use of said AIR RIFLE.

14.    At the above-mentioned time, date, and place, YOUNG and others operated the subject AIR RIFLE in a reasonably foreseeable manner and for the purpose for which it was intended. Nevertheless, YOUNG was wrongfully injured as a direct and proximate result of the defective and dangerous condition of the subject AIR RIFLE.

## COUNT I
## STRICT LIABILITY AGAINST UMAREX

15.    Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 14, as if fully restated herein.

16.    UMAREX had a duty to provide to YOUNG, to design, test, manufacture, distribute, market and sell an AIR RIFLE that was reasonably safe, free of unreasonable defects of design and manufacturing.

17.    Unbeknownst to YOUNG, the subject AIR RIFLE was defective and in an unreasonably dangerous condition at the time it left the control of Defendant, as it was not reasonably safe to use as intended.  This defective and unreasonably dangerous condition includes the following existed in the following respects:

a.   The AIR RIFLE's safety mechanism was defectively designed and/or manufactured, allowing YOUNG to inappropriately and unsafely suffer a shot to his head; and

b.   Defendant failed to give adequate warnings of the dangerous and harmful condition of the AIR RIFLE.

18.   As a result, YOUNG was severely injured.

19.   As a direct and proximate result YOUNG suffered the following damages:

a.   medical expenses, past, present, and future;

b.   loss of net accumulations; and

c.   pain and suffering.

WHEREFORE, the Plaintiff, as Guardian of YOUNG demands judgment against Defendant and a trial by jury of all issues so triable by right, plus interest and costs allowed by law.

## COUNT II
## NEGLIGENCE AGAINST UMAREX

20.   The Plaintiff incorporates by reference the allegations contained within paragraphs 1 through 19, as if fully restated herein.

21.   Defendants had a duty to YOUNG, and others similarly situated, to use reasonable care in designing, manufacturing, assembling, testing, inspecting, distributing, warning, instructing, and otherwise exercise reasonable care as to the subject AIR RIFLE that YOUNG used.

22.   Defendants breached said duty by negligently and carelessly designing, manufacturing, assembling, testing, inspecting, distributing, warning, instructing and otherwise failing to exercise reasonable care relative to the subject AIR RIFLE so as to cause it to be unreasonably dangerous to any person or persons, including YOUNG, using it in a reasonably foreseeable manner and for the purpose for which it was intended.

23.    Specifically, the subject AIR RIFLE was in an unreasonable condition at the time it left the control of the Defendant:

a.    The AIR RIFLE's safety mechanism was defectively designed and/or manufactured, allowing YOUNG to inappropriately and unsafely suffer a shot to his head; and

b.    Defendant failed to give adequate warnings of the dangerous and harmful condition of the AIR RIFLE.

24.    As a result of the defects set forth above, YOUNG was severely injured.

25.    Defendant knew that the subject AIR RIFLE was dangerous, as set forth above, and that it was reasonably foreseeable that said condition could cause serious harm to persons such as YOUNG.  However, the Defendant failed to provide warning, or adequate warning, to YOUNG.

26.    In addition to the aforementioned negligence, Defendants negligently failed to correct or attempt to correct said defects, and/or warn or instruct ANTONIO YOUNG of the potential dangers.

27.    As a direct and proximate result of the foregoing acts of negligence, YOUNG was severely injured.

28.    As a direct and proximate result YOUNG suffered the following damages:

a.    medical expenses, past, present, and future;

b.    loss of net accumulations; and

c.    pain and suffering.

WHEREFORE, the Plaintiff, as Guardian of YOUNG demands judgment against Defendant; and a trial by jury of all issues so triable by right, plus interest and costs allowed by law.

## COUNT III
### BREACH OF IMPLIED WARRANTY AGAINST UMAREX

29.    Plaintiff incorporates by reference the allegations contained within paragraphs 1

through 28, as if fully restated herein.

30.     The subject AIR RIFLE was defective and in an unreasonably dangerous condition at the time it left the control of the Defendant.

31.     The subject AIR RIFLE was inherently dangerous and was not reasonably crashworthy when used in a reasonably foreseeable manner by consumers such as YOUNG.

32.     The subject AIR RIFLE was not reasonably fit for the purposes for which it was intended to be used by consumers such as YOUNG.

33.   UMAREX breached warranties of fitness and merchantability which were implied with the sale of the subject AIR RIFLE to the purchaser.

34.    As a result of the defects set forth above, YOUNG was severely injured.

35.     As a direct and proximate result of the injuries to YOUNG, the Plaintiff seeks the following damages:

  a.     medical expenses, past, present, and future;

  b.     loss of net accumulations; and

  c.     pain and suffering.

WHEREFORE, the Plaintiff, as Guardian of YOUNG demands judgment against Defendant and a trial by jury of all issues so triable by right, plus interest and costs allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

       Respectfully submitted,

       By: <u>/s/ Sekou M. Gary, Esq.</u>
          SEKOU M. GARY, ESQ.
          FL Bar No. 372640

GARY, WILLIAMS, PARENTI
WATSON & GARY, P.L.L.C.
221 S.E. Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 283-4996
sekou@williegary.com
sv@williegary.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by mail transmission on this 3rd day of July, 2018, to: UMAREX USA, INC., Florida Registered Agent, C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

Respectfully submitted,

By:    /s/ Sekou M. Gary, Esq.
SEKOU M. GARY, ESQ.
FL Bar No. 372640
GARY, WILLIAMS, PARENTI
WATSON & GARY, P.L.L.C.
221 S.E. Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 283-4996
sekou@williegary.com
sv@williegary.com
*Attorneys for Plaintiff*